IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEL HEMPHILL,

    Plaintiff,       CV F 06 1161 LJO WMW PC

    vs.       ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT

    (THIRTY DAY DEADLINE)

C/O LORAN, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

    Plaintiff's claims in this complaint relate to his medical care. Plaintiff alleges that defendants were deliberately indifferent to his medical needs. Plaintiff names as defendants Correctional Officer Loran, Sergeant Trujillo and Medical Technical Assistant Cabatu.

    Plaintiff alleges that on March 2, 2006, while blowing his nose, his eye swelled shut.

1   Plaintiff alleges that it swelled "to the point he could not see out of the eye."  While Defendant
2   Loran was was conducting count, she could see that blood and fluid were coming out of
3   Plaintiff's eye.  She told Plaintiff that she would call an MTA.   Approximately 45 minutes
4   later, Plaintiff asked Loran if she called the MTA.  Loran advised Plaintiff that she had called the
5   MTA twice, and that "the MTA did not want to see Plaintiff."
6       Two hours later, new staff came on duty.  Plaintiff alleges that "at first they refused to call
7   for Plaintiff but when Plaintiff's cell mate returned from work Plaintiff went to the officer office.
8   He than called defendant Cabatu."  Cabatu ordered that Plaintiff be brought to the facility clinic.
9   At the clinic, the physician ordered that Plaintiff be taken to the Acute Care Hospital at the
10  prison.   Defendant Cabatu contacted Sergeant Trujillo.  Plaintiff further alleges that:

> He told Plaintiff that he would be going to the acute care hospital,
> but then told Plaintiff to go back to his cell.  He never had Plaintiff
> brought to the hospital.  Plaintiff was forced to stay in a cell with a
> swollen shut eye bleeding with fluid coming from it.  The next
> morning Plaintiff was sent to the hospital and later sent to Mercy
> Hospital.

Compl., p. 3.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

As to Defendant Loran, Plaintiff has failed to allege facts sufficient to state a claim for

relief. The only conduct charge to Loran is that she contacted (or attempted contact) with the MTA. That the MTA failed to timely respond does not subject Loran liability. Plaintiff must allege facts indicating that Loran was deliberately indifferent to a serious medical need of Plaintiff's, resulting in injury to Plaintiff. Plaintiff has failed to do so. Defendant Loran should therefore be dismissed.

As to Defendant Cabatu, the only conduct charged is that Cabatu ordered that Plaintiff be brought to the clinic. Plaintiff does not allege any facts as to Cabatu that shows deliberate indifference. There is no conduct charged to Defendant Cabatu that caused harm to Plaintiff.

Plaintiff alleges that he was directed to return to his cell. Plaintiff does not, however, identify who ordered him to return to his cell. Further, Plaintiff does allege that he was sent for treatment the next day. An allegation of delay, of itself, is insufficient to state a claim for relief. Plaintiff must allege facts indicating that the conduct of a named defendant or of defendants caused him injury. Plaintiff has failed to do so here. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 27, 2008**                                   **/s/  William M. Wunderlich**
                                                        UNITED STATES MAGISTRATE JUDGE